Goldberg v. West End Homestead Co.        78 N. J. L.

HARRIS GOLDBERG, BY HIS GUARDIAN, DEFENDANT IN
    ERROR, v. WEST END HOMESTEAD COMPANY, PLAINT-
    IFF IN ERROR.

Submitted March 19, 1909—Decided June 7, 1909.

In a suit by the guardian of a lunatic to recover money paid by the
    lunatic upon a contract for the sale of land, the trial judge prop-
    erly charged that knowledge of the insanity by the defendant must
    be proved, and that if the plaintiff was entitled to recover, interest
    should be allowed from the date of the payment, but commissions
    upon the sale paid by the defendant should not be charged against
    the plaintiff.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and PARKER.

For the defendant in error, Michael J. Tansey.

For the plaintiff in error, Riker & Riker.

The opinion of the court was delivered by

SWAYZE, J. This was an action to recover back money
which had been paid upon a contract for the sale of land, upon
the ground that the plaintiff was a lunatic at the time of the
contract and of the payments made thereon. The payments
were made in June, 1906. An inquisition in lunacy taken in
March, 1907, found that he had been a lunatic since March,
1906, and, in addition, there was medical testimony justify-
ing the inference that he was a lunatic at the time the con-
tract and payments were made. The trial judge properly
charged that it was necessary for the plaintiff to prove that
the defendant had knowledge of the plaintiff's insanity, but
the case was tried apparently upon the theory that if the
lunacy was established it was enough to justify recovery.
The plaintiff moved to nonsuit and relied entirely upon the
fact that the decree in the lunacy proceedings, which was

made May 28th, 1907, adjudicated that the plaintiff had been insane for only eleven months prior thereto. No other ground was specified. We agree with the trial judge that the inquisition was *prima facie* evidence of the lunacy, but if not, there was still sufficient evidence to require the submission of the case to the jury. The point that there was no evidence of knowledge of the lunacy on the part of the defendant was not raised at the trial. We think also that the trial judge was right in excluding evidence of business transactions by the plaintiff several months after the date in question. The fact that he transacted other business at those times is too remote to indicate anything as to his mental condition at the time of the transactions with the defendant. The trial judge was also right in allowing interest from the date of the payments. If the defendant knew of the plaintiff's lunacy, as the jury have found, it had no right to take his money. Having taken it under circumstances which justified his reclaiming it, they are chargeable with interest. The same reasoning prevents them from being credited with the amount they had paid out for commissions on the sale of the property, for nothing could justify them in spending what they knew to be the lunatic's money.

We said in *Miller* v. *Barber*, 44 *Vroom* 38: "Payment or tender of the consideration money received by the lunatic, less any proper offsets, is a condition precedent to the avoidance of the contract." In this case the lunatic had been in possession of the premises for some three months and had collected the rents. These rents ought to have been tendered before the suit was begun, but no question of that kind is raised by this record. The course pursued by the plaintiff in error precludes a consideration of this question, for the reason that its counsel requested a charge that the jury must put the defendant in the position it was in before the contract was made. This is a very different proposition from the rule of *Miller* v. *Barber*, requiring a tender of the consideration at the time of rescission; that is, prior to the commencement of the action. It is argued by the brief for the plaintiff in error that it should be credited with all of the rents which were collectible, whether

they were collected or not.   This question also is not presented by the record.   On the contrary, the request to charge was that if the jury found in favor of the plaintiff they must put the defendant in the position it was in before the contract was made, and that is, the plaintiff must pay the commission of $360 and refund the rents collected by or for him, and that these sums ought to be deducted from the $2,000.   This request was erroneous in that it claimed the allowance for the commissions, but even if that had been omitted, it requested only that the defendant should be credited with the rents actually collected by or for the plaintiff.   The judge charged that the rents received by or for the plaintiff must be deducted, and the jury seem to have done so, for the verdict was for the exact amount which had been paid without any allowance for interest.   The interest, in fact, was a little more than the rents actually collected.   We find no error in this record, and the judgment is affirmed, with costs.