McARDLE REAL ESTATE COMPANY, INCORPORATED, RE-
SPONDENT, v. MARGARET C. McGOWAN, APPELLANT.

Submitted January 25, 1935—Decided July 2, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Aloysius McMahon.*

For the respondent, *J. Theo. Begen* and *Mark A. Sullivan.*

The opinion of the court was delivered by

LLOYD, J.   This case has been before this court on various
phases upon two other occasions.   (See 109 *N. J. L.* 595;
163 *Atl. Rep.* 24, and 12 *N. J. Mis. R.* 500.)   From these
cases the general nature of the action is clearly defined.

It was to recover rents for an apartment after temporary
occupancy, subsequent removal and later disaffirmance by the
tenant of the contract, the ground of disaffirmance being that
the defendant was insane at the time the contract was made.
After the termination of the period of the lease an inquisition
in lunacy was had and it was there determined that the
defendant was insane at the time of its taking and was also
insane for a period antedating the making of the lease.   The
case was tried before the judge without a jury and a judg-
ment awarded to the plaintiff.

In his findings, the judge concludes that the defendant was
to all intents and purposes capable of entering into a con-
tract "since her insanity was not at that time apparent to
the plaintiff."   He further found that there was a disaffirm-
ance of the contract but after the defendant had received a
benefit therefrom.

The leased premises consisted of a six-room apartment and before executing the lease the defendant insisted upon a complete redecoration of the apartment and scraping of the floors. This was done to her complete satisfaction. This service and expenditure were obviously made upon the faith of the contract that she was entering into, and the judge was right in his conclusion that the parties could not be restored to the *status quo*.

As to the other finding, there is ample evidence to show that if the defendant was insane in fact at the time of the making of the agreement her mental incapacity was unknown to the plaintiff.

The rule of law applicable in such cases seems to be that where a contract has been entered into in good faith with an insane person without notice of the infirmity and before an adjudication of the insanity, and has been executed in whole or in part, it will not be set aside unless the parties can be restored to their original position. 32 *C. J.* 734; 14 *R. C. L.* 584; *Goldberg* v. *West End Homestead Co.*, 78 *N. J. L.* 70; 73 *Atl. Rep.* 128.

There being evidence to support the findings and those findings justifying the conclusion reached by the trial judge, the judgment will be affirmed, with costs.